Case 4:25-cv-01098   Document 37   Filed on 07/18/25 in TXSD   Page 1 of 7

United States District Court
Southern District of Texas
**ENTERED**
July 18, 2025
Nathan Ochsner, Clerk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| ERNEST WOODS, § | |
| § | |
| Plaintiff, § | |
| § | |
| vs. § | CIVIL ACTION NO. H-25-1098 |
| § | |
| CHANDLER HOLLOWAY, *et al.*, § | |
| § | |
| Defendants. § | |

**MEMORANDUM OPINION AND ORDER GRANTING HOLLOWAY AND TULLIS'S MOTION FOR PARTIAL DISMISSAL**

Ernest Woods, representing himself and proceeding without paying the filing fee, sued the City of Conroe, the City of Conroe Police Department, and City of Conroe Police Officers Chandler Holloway and Parker Tullis under 42 U.S.C. § 1983. (Docket Entry No. 12). His allegations arise from a January 2025 traffic stop and detention. (*Id.*). Officers Holloway and Tullis moved to dismiss Woods's claims against them for the use of excessive force.[1] (Docket Entry No. 29). Woods filed a response, and the officers replied. (Docket Entry Nos. 33, 34). Based on the court's review of the motion, the response and reply, the parties' arguments at the initial conference, and the law, the court orally granted the officers' motion to dismiss the excessive force claims with prejudice at the initial conference. (Docket Entry No. 36). The reasons for this ruling are explained more fully below.

**I.     Background.**

In his amended complaint, Woods alleges that on January 24, 2025, he left his home in Conroe, Texas, and drove his mother's van to a Montgomery County library that was next to a

---

[1] The officers have answered Woods's claims of an unlawful search and seizure. (Docket Entry No. 30). The court previously dismissed Woods's municipal liability claims against the City and the Conroe Police Department. (Docket Entry No. 35).

park. (Docket Entry No. 12, p. 2). While walking in the park, he received a telephone call from his daughter. (*Id.*). A few minutes later, still on the telephone call, he returned to the van, left the parking lot, and drove down the freeway, heading for a grocery store. (*Id.*).

As Woods left the parking lot, a City of Conroe Police Department patrol car pulled up behind him and followed him down the freeway. (*Id.*). When Woods arrived in the grocery store parking lot, three or four patrol cars surrounded his van. (*Id.*). The officers ordered Woods to put his hands on the steering wheel and end his call with his daughter. (*Id.*). When Woods asked why he was being stopped, he was told it was because of an "insurance lapse." (*Id.*). The officers then ran Woods's driver's license, which came back with no issues, although it did confirm the insurance lapse on his mother's van. (*Id.* at 3).

At that point, Holloway ordered Woods to get out of the van. (*Id.*). Woods refused, telling Holloway that there was no probable cause for the stop. (*Id.*). Holloway then reached into the van through the open driver's door window, unlocked the door, opened it, and ordered Woods to get out of the van. (*Id.*). Tullis threatened to use physical force if Woods did not comply. (*Id.*). Woods then got out of the van. (*Id.*). The officers ordered him to walk to the back of the van, where they frisked him. (*Id.*). The officers then searched the van, telling Woods it was an inventory search necessary before the van was towed. (*Id.*). Nothing illegal was found. (*Id.*). The van was towed due to the lack of insurance, and Woods was cited for driving without insurance. (*Id.*). On February 25, 2025, the citation was dismissed because of a technical error. (*Id.*).

Woods alleges that Holloway and Tullis violated his Fourth Amendment rights by stopping him without reasonable suspicion, by searching the van without either consent or probable cause, and by using excessive force to remove him from the van. (*Id.*). He also alleges that the stop was racially motivated, violating equal protection. (*Id.*). Woods seeks compensatory damages for the

emotional distress and economic losses that he has allegedly suffered because of the constitutional violations, along with the costs resulting from the van being towed. (*Id.*). He also seeks an award of legal fees so that he can retain counsel. (*Id.*).

Holloway and Tullis filed a motion under Federal Rule of Civil Procedure 12(b)(6), seeking dismissal of Woods's excessive force claims. (Docket Entry No. 29). They argue that Woods's allegations, taken as true, do not state a claim based on the use of excessive force because he does not allege that either of them used any physical force. (*Id.* at 3-4). The officers also argue that Tullis's alleged use of verbal threats was insufficient to violate Woods's constitutional rights. (*Id.* at 4). The officers further argue that even if Woods's allegations could be construed to state a claim, they are entitled to qualified immunity. (*Id.* at 4-5).

In his response to the officers' motion, Woods asserts that Holloway's acts of reaching into the van, unlocking and opening the door, and ordering Woods to get out of the van amount to excessive force. (Docket Entry No. 33, p. 3). Woods also asserts that Tullis's threat to use physical force if Woods did not comply was excessive force. (*Id.*). Woods argues that the officers' claims of qualified immunity are premature. (*Id.*). He asks that the motion to dismiss be denied. (*Id.*).

In their reply, Holloway and Tullis argue that police officers may lawfully use verbal negotiations and the threat of physical force when conducting an investigatory stop or making an arrest. (Docket Entry No. 34, p. 2). They contend that Woods's refusal to immediately comply with Holloway's order permitted them to reach through the open window of the van, unlock the door, order Woods to get out of the van, and threaten to use force if he failed to comply. (*Id.* at 3).

At the initial conference, the court gave both parties the opportunity to present any further arguments or authority in support of their positions. Neither party did so.

## II.  The Legal Standards.

### A.  Actions Under 42 U.S.C. § 1983.

"Section 1983 does not create any substantive rights but instead was designed to provide a remedy for violations of statutory and constitutional rights." *Lafleur v. Texas Dep't of Health*, 126 F.3d 758, 759 (5th Cir. 1997) (per curiam); *see also Baker v. McCollan*, 443 U.S. 137, 144 n.3 (1979). To state a valid claim under § 1983, a plaintiff must allege facts that could prove (1) a violation of rights secured by the Constitution or laws of the United States, (2) that the violation was committed by a person acting under color of state law. *See West v. Atkins,* 487 U.S. 42, 48 (1988); *Gomez v Galman*, 18 F.4th 769, 775 (5th Cir. 2021) (per curiam). The first element recognizes that "state tort claims are not actionable under federal law; a plaintiff under [§] 1983 must show deprivation of a federal right." *Nesmith v. Taylor,* 715 F.2d 194, 195 (5th Cir. 1983) (per curiam). The second element means that generally only *state* actors—not private parties—can be liable for violations of civil rights. *See Frazier v. Bd. of Tr. of Nw. Miss. Reg'l Med. Ctr.*, 765 F.2d 1278, 1283 (5th Cir. 1985).

### B.  Motions to Dismiss.

A motion to dismiss under Federal Rule of Civil Procedure 12(b)(6) challenges the sufficiency of the plaintiff's complaint to state a claim upon which relief can be granted. When the court considers a motion under Rule 12(b)(6), "the factual information to which the court addresses its inquiry is limited to the (1) the facts set forth in the complaint, (2) documents attached to the complaint, and (3) matters of which judicial notice may be taken under Federal Rule of Evidence 201." *Walker v. Beaumont Indep. Sch. Dist.*, 938 F.3d 724, 735 (5th Cir. 2019). In ruling on a motion to dismiss, the court "construes the complaint liberally in favor of the plaintiff," "takes all facts pleaded in the complaint as true," and considers whether "with every doubt resolved

on [the plaintiff's] behalf, the complaint states any valid claim for relief." *Harrington v. State Farm Fire & Cas. Co.*, 563 F.3d 141, 147 (5th Cir. 2009) (cleaned up).

To survive a motion to dismiss under Rule 12(b)(6), the complaint must include specific facts, not conclusory allegations. *See Powers v. Northside Indep. Sch. Dist.*, 951 F.3d 298, 305 (5th Cir. 2020). The complaint must also allege "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007); *Gomez*, 18 F.4th at 775. A claim is plausible on its face "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (cleaned up). If the facts alleged are facially sufficient, "a well-pleaded complaint may proceed even if it strikes a savvy judge that actual proof of those facts is improbable, and 'that a recovery is very remote and unlikely.'" *Twombly*, 550 U.S. at 556. But if the complaint does not set forth "enough facts to state a claim to relief that is plausible on its face," it must be dismissed. *Id.* at 570.

### C. Pleadings from Self-Represented Litigants.

Woods is representing himself. Courts construe pleadings filed by self-represented litigants under a less stringent standard of review. *See Haines v. Kerner*, 404 U.S. 519, 520 (1972) (per curiam). Under this standard, "[a] document filed *pro se* is 'to be liberally construed,' and 'a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers.'" *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (per curiam) (quoting *Estelle v. Gamble*, 429 U.S. 97, 106 (1976)). But even under this liberal standard, self-represented litigants must still "abide by the rules that govern the federal courts." *E.E.O.C. v. Simbaki, Ltd.*, 767 F.3d 475, 484 (5th Cir. 2014). In addition, they must "properly plead sufficient facts that, when liberally construed, state a plausible claim to relief, serve defendants, obey discovery orders,

present summary judgment evidence, file a notice of appeal, and brief arguments on appeal." *Id.* (cleaned up). While self-represented litigants are held to less stringent standards than attorneys, they are not excused from the requirement of alleging sufficient facts to state a plausible claim. *See Taylor v. Books A Million, Inc.*, 296 F.3d 376, 378 (5th Cir. 2002); *see also Toole v. Peak*, 361 F. App'x 621, 621 (5th Cir. 2010) (per curiam) (a self-represented litigant "still must argue something that is susceptible to liberal construction").

### III.   Discussion.

Holloway and Tullis move to dismiss only the excessive force claim. To state a claim for the use of excessive force in violation of the Fourth Amendment, the plaintiff must allege facts showing: (1) an injury (2) that resulted directly and only from the use of force that was excessive to the need, and (3) the excessiveness of which was objectively unreasonable. *See Bush v. Strain*, 513 F.3d 492, 500-01 (5th Cir. 2008). In the context of a traffic stop, officers may consider a suspect's refusal to comply with instructions in assessing whether physical force is needed to achieve the suspect's compliance. *See Deville v. Marcantel*, 567 F.3d 156, 167 (5th Cir. 2009) (per curiam). "[M]ere threatening language and gestures of a custodial officer do not, even if true, amount to a constitutional violation." *McFadden v. Lucas,* 713 F.2d 143, 146 (5th Cir. 1983) (cleaned up).

Woods alleges that he suffers from emotional distress and severe sleep disruption as a result of the incident. Such psychological injuries may be sufficient to satisfy the injury element of an excessive force claim. *See Lincoln v. Turner*, 874 F.3d 833, 846 (5th Cir. 2017). But Woods does not allege any facts showing that either Holloway or Tullis used any physical force, much less force that was excessive to the need, to secure his compliance with their orders. While Tullis threatened to use physical force if Woods did not comply with their order to get out of the vehicle,

no physical force was actually used. Proof of Tullis's threat to use physical force cannot show a Fourth Amendment violation for using excessive force.

Taking Woods's allegations as true, as the court must at this stage of the proceedings, he does not allege facts showing that either Holloway or Tullis used any physical force at all during the encounter. Woods has therefore failed to state a claim against Holloway and Tullis for a constitutional violation based on the use of excessive force.

## IV. Conclusion

Holloway's and Tullis's motion to dismiss, (Docket Entry No. 29), is granted. Woods's claims against Holloway and Tullis based on the use of excessive force are dismissed with prejudice for failure to state a claim. Woods's claims against Holloway and Tullis based on an unlawful search and seizure remain pending.

SIGNED on July 18, 2025, at Houston, Texas.

_____
Lee H. Rosenthal
Senior United States District Judge